

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 29, 1977

Honorable Wilson E. Speir
Director, Texas Department of
  Public Safety
5805 N. Lamar Boulevard
Box 4087
Austin, Texas 78773

Opinion No. H-1043

Re: Interpretation of the
motor vehicle inspection
statute in light of two
amendments to the Act passed
by the 65th Legislature.

Dear Colonel Speir:

You have requested our opinion regarding the construction
of two amendments to section 140 of article 6701d, V.T.C.S.,
both enacted by the 65th Legislature. Senate Bill 1302, Acts
65th Leg., amends subsections (e) and (f) of section 140, as
follows:

> (e) After the period designated for the
> inspection, no person shall operate on the
> highways of this State any motor vehicle
> registered in this State unless a valid
> certificate of inspection is displayed
> thereon as required by this Section. It
> is a defense to a prosecution under this
> Section that a valid inspection permit for
> the vehicle is in effect at the time of
> the arrest. Any peace officer of the De-
> partment of Public Safety, or any sheriff
> or deputy sheriff, or any City policeman
> who shall exhibit his badge or other signs
> of authority, may stop any vehicle not dis-
> playing this inspection certificate as re-
> quired by the Department and require the
> owner or operator to produce an official
> inspection certificate for the Vehicle
> being operated.

> (f) All motor-assisted bicycles shall be
> subject to annual inspection in the same
> manner as are motorcycles, except (1) the
> fee for inspection shall be Two Dollars
> ($2.00), One Dollar ($1.00) of which shall

be paid to the Department to be placed in
the Motor Vehicle Inspection Fund and used
for the purposes prescribed by law, and (2)
the only items of equipment required to be
inspected are the brakes, headlamps, and
reflectors, which are required to comply
with the standards prescribed in Section
184 of this Act.  The Department shall
promulgate rules and regulations relating
to the inspection of motor-assisted bicycles
and the issuance and display of inspection
certificates with respect to those vehicles.

House Bill 1772, Acts 65th Leg., amends subsection (e) by adding
the following:

(e)   After the fifth (5th) day following
the expiration of the period designated
for the inspection, no person shall oper-
ate on the highways of this State any
motor vehicle registered in this State
unless a valid certificate of inspection
is displayed thereon as required by this
Section and any inspector or patrolman of
the Department of Public Safety, or any
sheriff or deputy sheriff, or any City
policeman who shall exhibit his badge or
other signs of authority, may stop any
motor vehicle not displaying this inspec-
tion certificate on the windshield and re-
quire the owner or operator to produce an
official inspection certificate for the
Motor Vehicle being operated.

(Language added by the 65th Legislature is emphasized.)  House
Bill 1772 does not purport to amend subsection (f), but merely
to redesignate it as subsection (i).

Senate Bill 1302 was passed by the Senate on May 12, 1977,
and was approved by the House of Representatives on May 26,
1977.  The House passed House Bill 1772 on April 28, 1977, and
the Senate ratified it on May 28, 1977.  In Ex parte Jesus De
La O, 227 S.W.2d 212 (Tex. Crim. App. 1950), the court held
that

[w]here two acts passed at the same session
of the legislature cannot be reconciled by
any known rule of construction, the first

> in time or position must give way to the
> last, and the latter act will stand as the
> final expression of the legislative will.

Id. at 213. See Code Construction Act, V.T.C.S. art. 5429b-2,
§ 3.05(b). Thus, unless the two bills can be harmonized, House
Bill 1772 must prevail, since it was finally enacted two days
later than Senate Bill 1302. In our opinion, however, there is
only one portion of subsection (e) in which an irreconcilable
conflict exists between the two amendments. House Bill 1772
amended subsection (e) only to provide an additional five-day
grace period following the expiration of the period designated
for a motor vehicle inspection, during which the operator of a
motor vehicle may not be required to exhibit his inspection
certificate. Since House Bill 1772 was enacted subsequent to
Senate Bill 1302, this five-day provision must be deemed to
be a part of the Senate bill's amendment of subsection (e).

The remainder of the two versions of subsection (e) may be
harmonized. Senate Bill 1302 broadens the category of Depart-
ment of Public Safety employees who may stop a suspect vehicle
to include all "peace officers"; it permits an officer to
"stop any vehicle not displaying this inspection certificate,"
rather than merely any motor vehicle, and it creates a defense
to prosecution "if a valid inspection permit for the vehicle is
in effect at the time of the arrest." Senate Bill 1302 also
amends subsection (e) to permit an officer to stop a vehicle
"not displaying this inspection certificate as required by the
department." (Emphasis added). House Bill 1772 retains the
requirement that the certificate be displayed "on the windshield."

In our opinion, the Senate version regarding this display
requirement should prevail. As we have noted, the only change
in subsection (e) effected by House Bill 1772 relates to the
five-day grace period. In order to be constitutionally effec-
tive, however, it was necessary that the entire subsection be
re-enacted and published at length. Tex. Const. art. 3, § 36;
Buford v. State, 322 S.W.2d 366, 370 (Tex. Civ. App. -- Austin
1959, writ ref'd n.r.e.), cert. denied, 361 U.S. 837 (1959);
Ellison v. Texas Liquor Control Board, 154 S.W.2d 322, 325-26
(Tex. Civ. App. -- Galveston 1941, writ ref'd). Furthermore,
the rule that statutes in pari materia will be construed together
applies with peculiar force to those enacted at the same session
of the legislature. Wright v. Broeter, 196 S.W.2d 82, 85 (Tex.
1946). Accordingly, we believe that the broader and newly-
enacted provision of Senate Bill 1302 relating to the display
requirement should take precedence over the language of House
Bill 1772, and that, as a result, an officer is authorized to

stop any vehicle not displaying an inspection certificate "as required by the Department" of Public Safety.

As we have previously observed, House Bill 1772 does not purport to amend subsection (f), regarding the inspection fee for motor-assisted bicycles, but merely to redesignate it as subsection (i). Because of the later enactment of House Bill 1772, the re-designation must be deemed to prevail. In our opinion, however, the substantive change wrought in former subsection (f) by Senate Bill 1302 is effective to increase the inspection fee to two dollars, of which one dollar is to be placed in the Motor Vehicle Inspection Fund. Thus, the Senate bill's amendment to subsection (f) accurately states the law, but subsection (f) should be designated, after the effective date of the statute, as subsection (i).

### S U M M A R Y

Senate Bill 1302, Acts 65th Leg., is effective in its entirety to amend subsections (e) and (f) of section 140, article 6701d, V.T.C.S., except that the five-day grace period established by House Bill 1772, Acts 65th Leg., should be read into subsection (e), and the Senate Bill's subsection (f) should be re-designated as subsection (i).

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst